The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR25-0021-KKE |
| Plaintiff, | |
| v. | STIPULATED DISCOVERY PROTECTIVE ORDER |
| EBER OMAR BARRONES-MADRID, et al., | |
| Defendants. | |

The parties filed a joint motion for entry of a discovery protective order, and the Court, having considered the motion, and being fully advised in this matter, pursuant to Fed. R. Crim P. 16(d)(1), hereby GRANTS the motion (Dkt. No. 30) and enters the following PROTECTIVE ORDER:

1.    **Protected Material**. For purposes of this Order, "Protected Materials" shall include recorded calls and meetings allegedly between one or more of the defendants and a Homeland Security Investigations undercover agent.

2.    **Designation of Protected Material.** The Protected Material shall be designated by the government, on the material itself, in a placeholder if the electronic file cannot be marked (as is the case with certain native files), or on a physical label affixed to a disk or other media, using the following designation "PROTECTED MATERIAL."  The

1  failure to designate any materials as Protected shall not constitute a waiver of a party's

2  assertion that the materials are covered by this Protective Order. If material is later found

3  to be covered by this Protective Order, the government will re-produce a properly

4  designated copy of the material.

5     3. **Production of Protected Material to the Defense**. The United States will

6  make available copies of the Protected Materials, including those filed under seal directly

7  to defense counsel to comply with the government's discovery obligations, and/or to a

8  Coordinating Discovery Attorney, should one be appointed. Possession of copies of

9  Protected Material is limited to attorneys of record, their office staff, investigators,

10 paralegals, assistants, and law clerks, as well as necessary third-party vendors, consultants,

11 and/or experts (hereinafter collectively referred to as "members of the defense team"). At

12 all times, third parties shall be subject to the terms of this order. Further, the attorneys of

13 record are required to make available, prior to disseminating any copies of the Protected or

14 Sensitive Materials to members of the defense team, a copy of this Protective Order to

15 members of the defense team.

16    4. **Restrictions on use with Artificial Intelligence Tools.** The Protected

17 Material shall not be loaded into an artificial intelligence (AI) tool or model, generative or

18 not, where rights to the data are retained by any party that has not explicitly agreed to be

19 covered by the protective order.

20    5. **Review of Protected Material by Defendant**. The attorney(s) of record and

21 members of the defense team may share and review the Protected Material with Defendant.

22 If Defendant is in custody at the Federal Detention Center (FDC), he/she will be permitted

23 to review the Protected Material, consistent with the regulations established by the BOP,

24 with or without counsel, in a controlled environment at the Federal Detention Center

25 (FDC), but will be prohibited from printing out, copying, disseminating, or otherwise

26 retaining the discovery. If Defendant is on pretrial release, he/she will be permitted to

27

PROTECTIVE ORDER - 2
*U.S. v. Barrones-Madrid, et al., CR25-0021KKE*

1  review the Protected Material at the offices of his/her counsel, but will be prohibited from

2  printing out, copying, or disseminating the discovery.

3      6.    **Limits on Dissemination of Protected Materials**. The attorney(s) of record

4  and members of the defense team acknowledge that providing copies of the Protected

5  Material to Defendant and other persons is prohibited and agree not to duplicate or provide

6  copies of the Protected Material to Defendant and other persons. Members of the defense

7  team, defendants, and any others to whom disclosure of the content of Protected Material

8  may be necessary to assist with the preparation of the defense, shall not disclose the

9  Protected Material or its contents, other than as necessary for the preparation of defenses

10  at trial and in subsequent legal proceedings, if necessary. This order does not limit

11  employees of the United States Attorney's Office for the Western District of Washington

12  from disclosing the Protected Material to members of the United States Attorney's Office,

13  law enforcement agencies, witnesses, and the Court and defense as necessary to comply

14  with the government's discovery obligations.

15      7.    **Future Production of Additional Protected Materials**. Additional types of

16  discovery items may be deemed by the parties to constitute Protected Material upon

17  agreement, or (if no agreement can be reached) by further order of the Court.

18      8.    **No Waiver**. Nothing in this order should be construed as imposing any

19  substantive discovery obligations on the government that are different from those imposed

20  by case law and Rule 16 of the Federal Rules of Criminal Procedure.

21      9.    **Use of Protected Material in Court**. Any Protected or Sensitive Material

22  that is filed with the Court in connection with pre-trial motions, trial, or other matter before

23  this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this

24  Court. This does not entitle either party to seal their filings as a matter of course. The parties

25  are required to comply in all respects with the relevant local and federal rules of criminal

26  procedure pertaining to the sealing of court documents. If the Protected Material to be filed

27  with the Court was designated as Protected solely because it contains personal-identifying

1    information, it may be filed publicly, provided it has been redacted in compliance with

2    Federal Rule of Criminal Procedure 49.1 and Local Criminal Rule 49.1.

3          10.   **Non-Termination**. The provisions of this Order shall not terminate at the

4    conclusion of this prosecution. Furthermore, after any judgment or disposition has become

5    final and there are no pending proceedings, challenges, appeals, or habeas motions in the

6    case, defense counsel shall destroy the Protected Materials. If defense counsel finds that

7    retention of the Protected Materials in their possession is necessary for authorized reasons,

8    such as professional or ethical obligations, defense counsel shall retain the Protected

9    Materials in their case file subject to the restrictions of this Order.

10         11.   **Violation of Order**. Any person who willfully violates this order may be

11   held in contempt of court and may be subject to monetary or other sanctions as deemed

12   appropriate by this Court.

13         12.   **Modification of Order**. Nothing in this Stipulation shall prevent any party

14   from seeking modification of this Protective Order or from objecting to discovery that it

15   believes to be otherwise improper. The parties agree that in the event that compliance with

16   this Order makes it difficult for defense counsel to adhere to their Sixth Amendment

17   obligations, or otherwise imposes an unworkable burden on counsel, defense counsel shall

18   bring any concerns about the terms of the Order to the attention of the government. The

19   parties shall then meet and confer with the intention of finding a mutually acceptable

20   solution. In the event that the parties cannot reach such a solution, defense counsel shall

21   have the right to bring any concerns about the scope or terms of the Order to the attention

22   of the Court by way of a motion.

23         13.   **No Ruling on Discoverability or Admissibility**. This Protective Order does

24   not constitute a ruling on the question of whether any particular material is properly

25   discoverable or admissible and does not constitute any ruling on any potential objection to

26   the discoverability of any material.

27   //

PROTECTIVE ORDER - 4
*U.S. v. Barrones-Madrid, et al., CR25-0021KKE*

14.    **No Ruling on Timing of Production**. This Protective Order does not require the Government to provide particular discovery at a time or in a fashion inconsistent with applicable law.

15.    **Addition of Defendants after Entry of Order**. This Protective Order will cover additional Defendants in this case so long as they agree to be bound by the terms of this Protective Order and so indicate that consent by the execution of a supplemental stipulation, which shall be filed as an addendum or supplement to this Protective Order.

The Clerk of the Court is directed to provide a filed copy of this Protective Order to all counsel of record.

DATED this 13th day of March, 2025.

Kymberly K. Evanson
United States District Judge